May it please the Court, Robin Smith for Appellant Holcomb. The parties agree that on the question of venue in this case that this Court should give de novo review of the denial of Holcomb's motion to dismiss for improper venue. The statutory scheme in the case states that a sex offender should register upon release from prison in the state in which they were convicted and within three days of where they reside, work or are a student. In this case, Mr. Holcomb was released in the state of New York and lived in the state of New York for a while. And at some point in 2015, he went to the state of Maryland and eventually resided there. Those were the facts that were stipulated at the trial. The crime occurs when the SOAR registration crime occurs when the offender resides in one place for at least three days and then does not register in that place. So the government would not have any crime to allege against Mr. Holcomb until he had resided in Maryland for at least three days. The government's position is that the crime started when he left New York State and continued until he arrived in the state of Maryland. The Seventh Circuit recently held on April 3rd of this year that the elements of the violation of the crime for failure to register are sequential and not distinct or independent, and that the act of traveling from one state to another is not the predicate for the offense. So in this case, our position is that when you say not the predicate, the Supreme Court seems to have suggested that interstate travel is an essential component of a SORNA violation. Am I wrong or right about that? Well, Section 18 U.S.C. 2250, which is the crime that Mr. Holcomb was alleged to have violated in the indictment, has three elements, that the person is required to register, that they travel in interstate commerce, and that they fail to register. But with the way that the government and the district court would like this statute interpreted, it would mean that Mr. Holcomb could be prosecuted in every state in which he traveled until he ended up residing in the state of Maryland. And that's an absurd result. What's wrong with that? Well, if he traveled through several different states, that would be a ridiculous result. There's no crime until he actually lives somewhere. If he went to a wedding, for example, as the Hoss Lodge court said, if he went to a wedding in Illinois, there's no crime there because he would have returned back. Well, these cut out the whatever, if you want to describe it, as an absurdity with respect to the other states. But the starting state, what's wrong, what's absurd about a venue in that state as a matter of interstate travel? It's only a starting state in hindsight in this case because there was just no crime simply until he started residing in Maryland and that, therefore, the venue was only appropriate in Maryland. When he started residing in Maryland, did he not have a duty to tell New York that he was no longer residing in New York, lest New York otherwise notice that he's gone and take measures to try to locate him and try to understand what has happened? He was required to register in the state of Maryland and then it's the state of Maryland. My understanding is that it's the state of Maryland that then notifies the state of New York that he's now residing in the state of Maryland. The other problem with the requirement, with the theory that he can be prosecuted in both states, in Mr. Holcomb's particular case, is that there would be no scienter proven. In Mr. Holcomb's case, there was a trial on stipulated facts which are set forth in appellant's brief and none of them set forth that Mr. Holcomb left New York with the intention of moving and residing in Maryland. And therefore, to assert venue in the state of Maryland would violate the scienter requirement. The other argument I would like to focus on before the government speaks is the argument that SORNA delegated authority to the Attorney General to apply SORNA to Mr. Holcomb, who was convicted in 1992, which was way before the SORNA Sex Offender Registration Act. The authority to legislate or make law is entrusted entirely to Congress and to the United States. Have we not dealt with this in other cases? Yes, you have. Okay. And I want to reserve this argument in case the... In your briefs. Okay. I'll reserve the rest of the time on rebuttal then. Thank you. Unless the Court has any other questions. You've reserved two minutes. Yes. Thank you. Good morning, and may it please the Court. My name is Juan Shin. I'm an assistant U.S. attorney in the Southern District of New York. I represent the United States on this appeal, as I did in the district court. Your Honors, the conviction should be affirmed. First, venue in the Southern District of New York was proper because, as Judge Lovia was getting at, an essential element of the SORNA offense, the defendant's interstate travel, began here. And that much is clear. Does the obligation to change registration, does the obligation to get a new registration, to make a new registration arise solely because one moves in interstate commerce, or does it arise only when one changes one's residence? In other words, if he had gone to Maryland for three days and come back, did that require a registration? No, Your Honor. An update to an existing registration is only required when there's a change in one's name, residence, employment, or education status. And so merely taking a visit to another state would not trigger that update requirement under SORNA. You've got to habitually live, at least with respect to the residency requirement, for 30 days in the other state. So I don't understand your argument, because the argument, he was not required to have a new residence unless he abandoned residence in New York and took up a new residence. Well, he had to change registration if he changed his residence even within the same state, right? That's correct, Your Honor. But it's because he became a resident of Maryland instead of New York that he needed a new registration, right? There are actually two independent bases for why he needed to update his registration here, Your Honor. First, we note in our brief that when he was released from jail in 2013, on a different chart, not on the underlying sex offense, but actually on a State failure to update his registration conviction, when he was released in 2013, soon thereafter he filed an update with the State authorities. He provided a false address. But you haven't charged him in this case. He wasn't convicted of that crime, was he? Was he charged with that crime? The theory of the case of the charge was then independently when he moved to Maryland and took up residence there, another obligation to update his registration arose. There would be no question that the New York venue would be proper if he had been charged with giving a false address when he registered in New York in 2013 on his release from prison. But you didn't charge him with that. That's right, Your Honor. He was charged with failing to register when he took up residence in Maryland after having previously resided in New York. That's correct, Your Honor. So it seems to me that if somebody who resides in New York and is registered in New York leaves New York without any intention to change his residence, and you didn't prove any intention to change residence when he left New York, and goes to Maryland and spends 30 days or more in Maryland, he's then, by virtue of having spent 30 days in Maryland, he becomes a resident of Maryland after the passage of 30 days or after the passage of some time that makes him a new resident of Maryland. So you argue in your brief, you say that the judge correctly found that the case of the interstate journey started in New York. But it wasn't because he traveled interstate that he was required to register. It was because he spent 30 days or more and became a resident of Maryland. So unless you proved that he had an intention to take up residence in Maryland when he left New York or to abandon his New York residence, it seems to me that unless you have a different theory to argue that no part of the crime was committed in New York. With respect, Your Honor, Congress itself has determined otherwise. So Congress said that the essential conduct elements of the crime — so remember, under the venue test, you look at what are the conduct, what are the acts that are the essential elements of the crime. Congress explicitly said, as interpreted by the Supreme Court in Carr, the first conduct element is the interstate travel itself. The interstate travel is an essential element. And in Carr, the Supreme Court explained that that interstate travel was not merely a jurisdictional predicate. It's not merely the trigger that gives you Federal jurisdiction. It is also an essential element that Congress was targeting. The Congress — They were going after. Exactly, Your Honor. Congress was specifically concerned about convicted sex offenders traveling interstate. Your logical argument is that if he moves to California, that venue lies in every one of the many States through which he drove. So here, Your Honor, the defendant traveled from New York to Maryland, and so necessarily he traveled through other States. New Jersey, Pennsylvania. I don't see how you can get there. Possibly Delaware. Prosecuted in any State through which he traveled? Well, I don't think this Court needs to address that particular question. Unless that is the logical import of the argument that you are making. It is, Your Honor. However — It is interstate travel. It is. That is correct, Your Honor. He travels interstate. He travels through Pennsylvania and travels through New Jersey. New Jersey, Pennsylvania, possibly Delaware. Maybe he took a roundabout route. Who knows? I don't know how you find Delaware. You might adopt some limitation on that. Well, to the extent — The point and then the habitual residence or habitual living point. I think at a minimum, Your Honor, the starting State, the departure State, and the arrival State venue is proper in those States. I agree with Your Honor that the logic would also extend to the States in between. To the extent the Court has any concerns — Can the argument be helped somewhat by the proposition that the statute explicitly makes the State of his prior residence one of the places, one of the two places, that he can register when he changes his residence, so that the failure to register occurred in two places? The failure to register was something he could have done in New York or in Maryland. He didn't do it in those two places, so he can be prosecuted in either of those two  It's certainly strengthened by that statutory texture, Your Honor. Why didn't you make that argument? Well, I don't believe it's necessary, Your Honor. So if I could address the concern about the intervening States, to the extent the Court has any concern about that, one, it's not raised in this case because venue was brought in the departure State. But, two, a future court, if it were encountering that issue, it could address those concerns using the substantial context test that is layered on top of venue. So under the substantial context test, Your Honor, the Court can inquire into things as to whether this one of the intermediate States is truly a place that makes sense and is fair to the defendant in terms of bringing a prosecution there. But the Court Is it the case, as Ms. Smith said, that the registration in New York, the registration of one's departure, is something that the receiving State sends, that Maryland would notify New York of this once he registered in Maryland? Your Honor, the statutory provisions provide for a sex offender to update his registration in any one of the jurisdictions involved. And so that could be the departure State or it could also be the arrival State. The defendant could have done it in either place. If he registered, he would notify the other one. Exactly. So the defendant could have done it in either place. But the fact that the interstate travel itself is one essential conduct element of the crime necessarily means that both the departure State and the arrival State are incomplete. It's those. That's correct, Your Honor. Does it have to be an element? Does the departure have to be an element of the offense or could it simply be a part of the offense, a thing that is done in the course of it necessarily? Well, the test is typically framed in terms of essential conduct elements. However, the Supreme Court has advised not to be too rigid in application of this test. So, for example, you don't just look at verbs. You also look at encompassed conduct that necessarily is part of the conduct of the crime. So, for example, in a 924C charge, the crime of violence that the gun is used in furtherance of is an essential conduct of that crime. Here, the Court doesn't need to get into those fine details because travel interstate is explicitly set forth in the statute as a conduct element. And Carr, the Supreme Court and Carr specifically pointed to that interstate travel as being part of Congress's very concern. It is the very evil that Congress was concerned and wanted to target in the SORNA offense. And so in light of Carr ---- How is that consistent with the requirement that you're obligated to change your registration if you change your residence within the same State without traveling interstate commerce? It's got nothing to do with interstate commerce. Your Honor, there are two parts. The registration that's required intrastate, so within the State when one moves, that is part of the registration requirement. However, we wouldn't charge, that wouldn't be prosecutable under 2250 until interstate travel occurred. So that further strengthens the point. Congress set up in SORNA a civil registration requirement that includes a requirement to initially register and update whether or not you travel interstate. So even if you stayed in New York your entire life, you would have and you moved within the Southern District, let's say, you just moved down the block, you would still have to update your registration under the civil side of SORNA. Congress defined the crime, though, as when you travel interstate and fail to register after changing your residence. And again, that's because Congress specifically was concerned when it enacted SORNA with sex offenders traveling interstate and falling through the cracks. When they just stayed, when they just moved within one State, Congress said, we don't need to criminalize that because the States can handle that. They can police that on their own. However, it's specifically when they travel interstate and they fall through the cracks and fall through the loopholes, that is what Congress was specifically targeting when it enacted the criminal penalty provision of SORNA. Thank you, Mr. Sheehan. Thank you. Ms. I think it was Judge LaValle who asked will Maryland, in Mr. Holcomb's case, would Maryland have notified New York of Mr. Holcomb's change of address. And it's section 42 U.S.C. 16921 that says a sex offender is, I'm sorry, a sex offender is required to notify only one jurisdiction involved, and that jurisdiction must then notify a list of interested parties, including the other jurisdictions. So it makes sense in this case that he would only have been required to register in Maryland once he set up residence there. It doesn't make sense that the interstate commerce requirement of the statute requires him to register in all the States that he travels through once leaving New York. Well, that's surely not the issue because he would not have established residence in New Jersey if he stopped at a motel overnight. That's correct. Does the Court have any further questions? Thank you. Thank you both.